IN THE UNITED STATES DISTRICT COUNT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COREY LEWIS, | : |
| Petitioner, | : |
| v. | : Civil Action No. 15-1080-CFC |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents.[1] | : |

## MEMORANDUM OPINION[2]

Corey Lewis. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

October 4, 2018
Wilmington, Delaware

---

[1]Warden Dana Metzger replaced former warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

[2]This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Corey Lewis' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 3) The State filed an Answer in opposition. (D.I. 13) For the reasons discussed, the Court will deny the Petition.

## I.   FACTUAL BACKGROUND

In July 2013, Petitioner was indicted and charged with carrying a concealed deadly weapon ("CCDW"), possession of a firearm by a person prohibited ("PFBPP"), possession of ammunition by a person prohibited, receiving a stolen firearm, driving a vehicle with a suspended or revoked license, no proof of insurance, and spinning tires. *See Lewis v. State*, 125 A.3d 681 (Table), 2015 WL 5935050, at *1 (Del. Oct. 12, 2015). These charges stemmed from a traffic stop. On December 2, 2013, Petitioner pled guilty to possession of a firearm by a person prohibited ("PFBPP") and carrying a concealed deadly weapon ("CCDW"). *Id.* In exchange for Petitioner's plea, the State agreed to *nolle prosse* the remaining charges, to seek habitual offender status only on the CCDW charge, and to cap its sentence recommendation at thirteen years at Level V incarceration. *Id.* On February 14, 2014, the Delaware Superior Court declared Petitioner an habitual offender on the CCDW charge, and sentenced him to a total period of sixteen years at Level V incarceration, suspended after serving thirteen years for decreasing levels of supervision. *Id.* Petitioner did not appeal his convictions or sentences.

On May 5, 2014, Petitioner filed a motion for sentence modification. (D.I. 17-3 at 3, Entry No. 21) The Superior Court denied the motion on May 28, 2014, stating that

CCDW and PDWBPP are "separate and distinct charges, so double jeopardy does not prohibit separate convictions and sentences." (D.I. 17-2 at 3, Entry No. 22) Petitioner did not appeal that decision.

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on January 7, 2015, alleging ineffective assistance of counsel for failing to file a suppression motion. The Superior Court denied the Rule 61 motion in June 2015,[3] and the Delaware Supreme Court affirmed that decision on October 12, 2015. See Lewis, 2015 WL 5935050, at *2.

On November 18, 2015, Petitioner filed a motion for correction of sentence, alleging that he was illegally sentenced as an habitual offender. See Lewis v. State, 137 A.3d 972 (Table), 2016 WL 2585680, at *1 (Del. Apr. 26, 2016). The Superior Court denied the motion for correction of sentence, and the Delaware Supreme affirmed that decision on April 26, 2016. See Lewis, 2016 WL 2585680, at *2. Petitioner filed the instant habeas Petition while his motion for correction of sentence was still pending before the Delaware Superior Court.

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of

---

[3] See State v. Lewis, 2015 WL 4153871 (Del. Super. Ct. June 15, 2015).

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

## B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on

the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner's timely-filed Petition asserts the following two grounds for relief: (1) defense counsel provided ineffective assistance by failing to file a motion to suppress a gun discovered during the inventory search of the automobile Petitioner was driving at the time of the traffic stop ("Claim One"); and (2) the prosecutor engaged in misconduct by ignoring or failing to discover that the police officer who conducted the inventory search lied in the affidavit supporting the arrest warrant and in his police report ("Claim Two"). Petitioner presented these Claims to the Delaware Supreme Court on appeal from the Superior Court's denial of his Rule 61 motion. The Delaware Supreme Court denied both arguments on the basis that they were barred by Petitioner's knowing, intelligent, and voluntary guilty plea. *See Lewis*, 2015 WL 5935050, at *2. Given this adjudication, Petitioner will only be entitled to habeas relief if the Delaware Supreme

4

Court's decision was either contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts.

As articulated by the Supreme Court in *Tollett v. Henderson*:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [constitutionally ineffective].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A voluntary and knowing guilty plea forecloses a defendant from raising antecedent constitutional violations "not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is established." *Menna v. New York*, 423 U.S. 61, 62 n. 2 (1975).

In cases where the petitioner's conviction rests on a guilty plea, the "focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 749 (1970). When assessing the voluntary nature of a plea, the representations made by a defendant under oath during a guilty plea colloquy "constitute a formidable barrier in any subsequent collateral proceedings" and "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As explained by the Third Circuit, "[t]he

ritual of the [plea] colloquy is but a means toward determining whether the plea was voluntary and knowing. A transcript showing full compliance with the customary inquiries and admonitions furnishes strong, although not necessarily conclusive, evidence that the accused entered his plea without coercion and with an appreciation of its consequences." *United States v. Stewart*, 977 F.2d 81, 84 (3d Cir. 1992).

Turning to the first prong of the § 2254(d) inquiry, the Court notes that the Delaware Supreme Court did not reference federal law when denying Petitioner's arguments. Nevertheless, the Delaware Supreme Court's decision was not contrary to clearly established federal law, because the Delaware cases cited therein articulate the applicable precedent.[4] *See Fahy v. Horn,* 516 F.3d 169, 196 (3d Cir.2008) (noting that Pennsylvania Supreme Court's decision was not "contrary to" clearly established federal law because it appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent); *Williams,* 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court's inquiry under § 2254(d) is not over, because it must also determine if the Delaware Supreme Court's denial of Claims One and Two involved an unreasonable application of clearly established federal law under § 2254(d)(1) and, to

---

[4]The Delaware Supreme Court cited *Robertson v. State,* 974 A.2d 858 (Table), 2009 WL 1640021, at *1 (Del. June 9, 2009) and *Cooper v. State,* 954 A2d 909 (Table), 2008 WL 2410404, at *2 (Del. June 16, 2008). *Robertson* cites to *Downer v. State,* 543 A.2d 309, 311-12 (Del. 1988) which, in turn, thoroughly discusses the standards in *Tollett, Brady,* and *Blackledge. Cooper* cites to *Somerville v. State,* 703 A.2d 629, 632 (Del. Oct. 23, 1997) which, in turn, articulates the standard from *Blackledge.*

the extent necessary, ascertain if the denial was based on an unreasonable determination of facts under § 2254(d)(2). Mirroring the two-step approach utilized by the Delaware Supreme Court in Petitioner's post-conviction appeal, the first question is whether the Delaware Supreme Court reasonably determined that Petitioner's guilty plea was knowing, intelligent, and voluntary. The transcript of Petitioner's plea colloquy contains his clear and explicit statements that he had discussed his case with defense counsel and that he was satisfied with his counsel's representation. (D.I. 16-8 at 5) Petitioner also acknowledged that he faced a minimum penalty of five years in prison for his PFBPP conviction, and a mandatory minimum of eight years in prison, with a possible maximum life sentence, if he was sentenced as an habitual offender on the CCDW conviction. *Id.* Petitioner affirmatively responded that nobody promised him what his sentence would be or offered him anything in exchange for his plea, and he acknowledged that he committed the charges to which he was pleading guilty. *Id.* The Truth-In-Sentencing Guilty Plea Form signed by Petitioner also indicates that he knowingly and voluntarily entered into his plea agreement; he had not been promised anything not contained in the plea agreement; he was not forced or threatened to enter the plea agreement; and he knew he faced a possible maximum sentence of life under the criminal penalty statutes, with a total minimum mandatory sentence of thirteen years for both convictions. (D.I. 17-2 at 26)

Petitioner does not provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. *See* 28 U.S.C. § 2254(e). Consequently, the Delaware Supreme Court's holding that Petitioner

was bound by the representations he made during the plea colloquy and on the Truth-In-Sentencing form constituted a reasonable application of clearly established federal law as set forth in *Blackledge*. To the extent the issue of the voluntariness of Petitioner's plea should be considered a factual matter, the Delaware Supreme Court's holding was also based on a reasonable determination of facts.

The second question is whether the Delaware Supreme Court unreasonably applied clearly established federal law in concluding that Claims One and Two alleged antecedent constitutional violations rendered irrelevant by Petitioner's knowing and voluntary guilty plea. In Claim One, Petitioner asserts that defense counsel improperly refused to file a motion to suppress the gun on the basis that the police officer exceeded the scope of the inventory search of the car Petitioner was driving at the time of the traffic stop. Since this assertion of pre-plea ineffective assistance of counsel does not attack the voluntary nature of Petitioner's plea, the Delaware Supreme Court reasonably applied *Tollett* and its progeny in denying Claim One as barred by Petitioner's voluntary guilty plea.[5] *See, e.g., Bullard v. Warden, Jenkins Corr. Ctr.*, 610 F. App'x 821, 824 (11th Cir. 2015) ("Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea."); *see also Rice v. Olson*, 2016 WL 3877866, at *2 (6th Cir. Jul. 15, 2016) ("Claims of pre-plea ineffective assistance not relating to the acceptance of the plea are

---

[5]Even if the instant ineffective assistance of counsel Claim was not barred by Petitioner's voluntary guilty plea, it would not warrant habeas relief. As explained in the text of the Opinion, given Petitioner's failure to provide clear and convincing evidence to the contrary, he is bound by the representations he made during the guilty plea colloquy and on his guilty plea form affirming that he was satisfied with defense counsel's representation. *See supra* at 7-8.

waived under the same *Tollett* rule."); *Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008). In Claim Two, Petitioner alleges that the prosecutor engaged in pre-plea misconduct by knowingly offering false testimony via the arrest warrant and police report describing the circumstances surrounding the police stop and search of the car Petitioner was driving. Since the question of petitioner's factual guilt was resolved when he pled guilty to the CCDW charge, the Delaware Supreme Court reasonably applied *Tollett* and its progeny in holding that Claim Two was foreclosed by Petitioner's guilty plea. *See Class v. United States*, ___ U.S. ___, 138 S.Ct. 798, 805-06 (2018) (explaining that a "valid guilty plea . . . renders irrelevant . . . the constitutionality of case-related government conduct that takes place before the plea is entered."); *Kotsonis v. United States*, 2017 WL 7310633, at *3 (6th Cir. Sept. 12, 2017) (explaining that petitioner's pre-plea claim that the prosecutor knew or should have known that his confession and firearms were obtained in violation of his constitutional rights was waived by virtue of his knowing guilty plea); *Trice v. Pierce*, 2016 WL 2771123, at *5 (D. Del. May 13, 2014).

For all the reasons set forth above, the Court concludes that the Delaware Supreme Court's denial of Claims One and Two does not warrant relief under § 2254(d). Accordingly, the Court will deny the Petition in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

9

2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner's habeas Petition must be denied. Reasonable jurists would not find this Court's assessment of Petitioner's constitutional claims to be debatable or wrong. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## V. CONCLUSION

For the foregoing reasons, the Court will deny the instant Petition. An appropriate Order will be entered.